UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **PHILLIP KNIGHT** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 07-1272** |
| **RICHARD FORMEN** | * | **SECTION: "T"(6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to Title 28, United States Code, Sections 636(b)(1)(B) and (C), and, as applicable, Rule 8(b) of the Rules Governing Section 2254 cases.

Upon review of the entire record, the Magistrate Judge has determined that this matter can be disposed of without an evidentiary hearing. Accordingly, the Magistrate Judge issues this Report and Recommendation hereby recommending that the instant application for federal *habeas corpus* relief be **DENIED** for lack of subject matter jurisdiction.

**Background Facts**

Petitioner, Phillip Knight, was convicted on May 20, 1987, in the Twenty-Fourth Judicial District Court, Jefferson Parish of the crime of aggravated crime against nature.[1] He was sentenced to ten years' imprisonment without benefit of parole, probation or suspension of sentence on August 6, 1987.[2] Knight's direct appeal was decided on May 16, 1988, resulting in an affirmation of his conviction and sentence.[3]

The record shows that Phillip Knight received an automatic first offender pardon pursuant to La. R.S. 15:572 on October 14, 1998, having completely served his sentence.[4]

On March 14, 2007, Knight filed the instant federal habeas petition challenging his 1987 crime against nature conviction. Therein, he raises a challenge to the sufficiency of the evidence used to convict him.

---

[1] Knight was charged with two counts of aggravated crime against nature relative to two child victims, aged five and seven. He was also charged with the aggravated rape of both the seven year old and the five year old. According to the opinion of the Louisiana Court of Appeal, Fifth Circuit, the charges against the seven year old were dismissed due to the victim's psychological problems. The case proceeded, however, relative to the crimes against the five year old.. The jury found Knight guilty of aggravated crime against nature and acquitted him of the aggravated rape charge.

[2] *State v. Knight*, Twenty-Fourth Judicial District Court, Jefferson Parish, Louisiana, Docket ## 86-544 and 86-545.

[3] *State v. Knight*, 526 S0.2d 452 (La. App. 5th Cir. 1988). Specifically, the court ruled that, in light of the entire record, the jury verdict was responsive. The court also found that the prosecutor's dismissal of the indictment subsequent to the jury verdict being rendered was invalid.

[4] See State Rec. Vol. 1 at Tab 9.

On July 2, 2007, the State filed a response to petitioner's habeas application with this court asserting that the court lacks subject matter jurisdiction over Knight's case as he has completed the sentence which he was given. Specifically, the State argues that Knight is no longer "in custody", as required pursuant to 28 U.S.C. Section 2254 (a) for a federal habeas to be maintained. The State also asserts in its response that Knight's petition is time-barred from federal review and also procedurally defaulted due to his failure to exhaust his claims in the state courts.[5]

For the following reasons, the court hereby RECOMMENDS dismissal of Phillip Knight's petition for lack of subject matter jurisdiction.

## Subject Matter Jurisdiction and Custody under §2254

Under 28 U.S.C. §2254, federal courts will entertain an application for a writ of habeas corpus filed by a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. The "in custody" language of the federal *habeas corpus* statute, 28 U.S.C. §2254, requires that the *habeas* petitioner be "in custody" under the conviction or sentence under attack *at the time his petition is filed. Maleng v. Cook*, 490 U.S. 488, 489, 109 S. Ct 1923, 1924, 104 L. Ed.2d 540 (1989)(emphasis added); see also *Carafas v. LaVallee*, 391 U.S. 234, 238, 88 S. Ct. 1556, 1560, 20 L. Ed.2d 554 (1968); *Zalawadia v. Ashcroft*, 371 F.3d 292, 297 (5th Cir. 2004). In *Maleng,* the Court held "that once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purpose of a habeas attack upon it." 490 U.S. at 492, 109 S. Ct. at 1926.

---

[5]State's Response, Fed. Rec. Doc. 11.

In Knight's case the record indicates that, as of the time petitioner filed the instant application for relief, he had completed his sentence for aggravated crime against nature and had received a first offender pardon for the same on October 30, 1998.[6] Thus, under *Maleng*, petitioner cannot bring his federal *habeas* claims because he was not "in custody" at the time he filed his federal *habeas* petition.[7]

Accordingly,

## **RECOMMENDATION**

Petitioner was not longer serving his state sentence at the time he filed his federal *habeas* application. Therefore, under the applicable law, petitioner was not "in custody" when his application was filed such that federal jurisdiction would attach. Accordingly, it is hereby recommended that petitioner's request for habeas relief pursuant to Title 28, United States Code, Section 2254 be **DENIED** for lack of federal jurisdiction.[8]

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being

---

[6] See State Rec. Vol. 1, Tab 9. Moreover, since petitioner received a first offender pardon, it is unlikely that there are any collateral consequences resulting from the challenged conviction.

[7] According to the State's response, petitioner is currently in custody at the Jefferson Parish Correctional Center relative to a pending second degree murder charge in Case No. 00-6148, 24th Judicial Court for the Parish of Jefferson. He is presently awaiting transfer, however, to the Feliciana Forensic Facility in Jackson, Louisiana as the state district judge has determined that Knight lacked the mental capacity to understand the proceedings against him or to assist in his defense. See Rec. Doc. 11 at p. 1, n.1.

[8] Since the Court determines that there is no federal jurisdiction, it need not decide whether petitioner's application is timely filed in this court nor whether petitioner has procedurally defaulted his claims.

served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 13th day of July, 2007.

_____
LOUIS MOORE, JR.
United States Magistrate Judge