## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**PHILLIP KNIGHT**                                              **CIVIL ACTION**

**VERSUS**                                                           **NO. 07-1272**

**RICHARD FORMEN**                                       **SECTION "T"(6)**

### ORDER AND REASONS

Petitioner, Philip Knight, has filed a notice of appeal to the United States Fifth Circuit Court of Appeal in this matter.  A request for a Certificate of Appealability was made by the District Court Clerk of Court.  Petitioner has not requested a Certificate of Appealability.  The Court, having considered the record, the law, and applicable jurisprudence hereby **DENIES** the Certificate of Appealability in accordance with 28 USC § 2253 (c)(2) because there has been no showing that petitioner has been denied a constitutional right.

I.      BACKGROUND

On May 20, 1987, Petitioner was convicted of aggravated crime against nature in the Louisiana Twenty-Fourth Judicial District Court, Parish of Jefferson and was sentenced to ten (10) years' imprisonment without the benefit of parole, probation or suspension of sentence on August 6, 1987.  Petitioner was granted an automatic first offender pardon on October 14, 1998, having completely served his sentence.

On March 14, 2007, Petitioner filed a *habeas corpus* action in this Court pursuant to 28 USC § 2254 challenging his 1987 conviction for the aggravated crime against nature arguing that there was insufficient evidence to convict him.  The State filed responsive pleadings asserting lack of subject matter jurisdiction because Petitioner had completed the sentence he was given.  Accordingly, the State maintained, *inter alia,* that Petitioner was no longer "in custody" for the

1

conviction he challenged as required pursuant to 28 USC § 2254 for federal *habeas* to be maintained.

The application was referred to the Magistrate Judge.  The Magistrate reviewed the issue of subject matter jurisdiction and issued a report and recommendation recommending that the Petitioner's *habeas* request be denied because the court lacked federal jurisdiction.  *See* Rec. Doc. 14.  The Magistrate Judge, in accordance with the US Supreme Court's decision in *Maleng v. Cook*, 490 US 488, 109 S. Ct. 1923, 1924, 194 L Ed. 2d 540 (1989), found that since Petitioner received his first offender pardon for this crime on October 30, 1998, the sentence imposed for his conviction had expired.  Therefore, the Magistrate concluded that Petitioner could not bring the federal *habeas* claims for relief from his conviction for the crime of aggravated crime against nature because at the time he filed his federal application, he was not "in custody" for that crime.  Rec. Doc. 14, at p. 4.

On August 17, 2007, over thirty (30) days after the report and recommendation was issued and no objection was made, the undersigned reviewed the Magistrate's report and recommendation and agreed with the findings.  Thus, this Court entered an Order adopting the report and recommendation (Rec. Doc. 18) and entered a Judgment denying Petitioner *habeas* relief. (Rec. Doc. 19).

A Notice of Appeal was filed by Petitioner on September 4, 2007 and the District Court Clerk of Court has requested that the undersigned decide whether to deny or grant the Certificate of Appealability.

## II.    LAW AND ANALYSIS

Under 28 U.S.C. §2253(c), the Petitioner has no right of appeal from this Court's final

order in a *habeas* corpus proceeding in which the detention complained of arises out of process issued by a state court.  Challengers to such orders must first obtain a Certificate of Appealability in order to proceed in the Court of Appeals.  This Court may issue such a certificate "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2).

Petitioner has not made any showing of a denial of a constitutional right.  The Magistrate Judge, in his well reasoned and thorough report and recommendation correctly decided that this Court lacked subject matter jurisdiction over the Petitioner's *habeas* application.  After reviewing the record and the applicable law, this Court finds that it has no jurisdiction over the *habeas* claims of the Petitioner as they relate to his conviction for the crime of aggravated crime against nature.  As such, there is no showing of a denial of a constitutional right and a Certificate of Appealability should not be issued.

Accordingly,

**IT IS ORDERED** that a Certificate of Appealability in the above-captioned matter shall not be issued for the reasons stated herein.

New Orleans, Louisiana, 19th day of September, 2007.

G. THOMAS PORTEOUS, JR.
UNITED STATES DISTRICT JUDGE